STATE, Repondent, v. FRANKLIN, Appellant.

*No. State 34. Argued December 1, 1970.—Decided January 5, 1971.*
(Also reported in 182 N. W. 2d 289.)

For the appellant the cause was submitted on the brief of *John V. Franklin* of Waupun, *in pro per,* and for the respondent on the brief of *Robert W. Warren,* attorney

general, and *William A. Platz* and *Jeffrey B. Bartell*, assistant attorneys general.

HEFFERNAN, J.   Although the state has moved for the dismissal of the appeal on the ground that the order is not appealable, that contention was rejected by this court on motion prior to oral argument.   We therefore elect to dispose of the case on the merits.

The statute provides, insofar as it is pertinent:

"946.42 (3)   Any person in custody under any of the following circumstances who intentionally escapes from custody may be imprisoned not more than 5 years:

"(a)   Sentenced to a state prison . . . .

"(4)   Sentences imposed under this section shall be *in addition* to any sentence previously imposed *or which may be imposed* for any crime or offense for which the person was in custody when he escaped."   (Emphasis supplied.)

The basis for Franklin's appeal is his interpretation under sub. (4) quoted above.   He contends that the statute merely requires the trial court to impose a separate sentence for conviction of escape.   The trial judge took the position that the terms of the statutes made it mandatory that a sentence for escape be consecutive to any previous sentence.   Franklin's argument is that a sentencing following an escape conviction is to be handled in the same manner as any other conviction and that the trial court may impose a sentence of probation, a concurrent sentence, or a consecutive sentence.

Sub. (3) of sec. 946.42, Stats., makes escape a separate and distinct crime.   In all other cases where there is a conviction of a crime, ". . . the court must either impose or withhold sentence and, if the defendant is not fined or imprisoned, he must be placed on probation . . . ."   Sec. 959.01 (2).   This latter section, in itself, would authorize the trial court to impose a separate sentence for the escape and would, in the absence of

nothing more, authorize a sentence of probation, a concurrent sentence, or a consecutive sentence, as urged by the appellant. However, to rely solely on these sections would render the provisions of sec. 946.42 (4), *supra*, superfluous.

As we stated in *State ex rel. Knudsen v. Board of Education* (1969), 43 Wis. 2d 58, 65, 168 N. W. 2d 295, "It is a cardinal rule of construction that a statute must be construed if possible so that every portion of it is given effect."

It is therefore necessary to give some meaning to sub. (4) of sec. 946.42, Stats., and the only meaning that can be attributed is that the trial judge is directed to impose a sentence that shall be added to any sentence previously imposed. "In addition" to the sentence, and not mere imposition of a sentence, is a requirement beyond the alternatives set forth in sec. 959.01 (2) and can only mean that a mandatory consecutive sentence is to be imposed.

Looking at sec. 946.42 (4), Stats., alone, without consideration of the remainder of the statutory sentencing scheme, could arguably lead to the conclusion urged by the defendant, but such a conclusion is not tenable when it is considered in relationship to other controlling portions of the statutes. The fact that this section, viewed alone, could be misconstrued was recognized by the recent amendments to the criminal code. Sec. 946.42 (4) was amended by ch. 187 of the Laws of 1969. The words, "in addition," were replaced with the word, "consecutive." The Legislative Reference Bureau at that time pointed out that the amendment was not intended to change the meaning of the law but merely to clarify it. It said:

"Presently, the law states that persons escaping from custody under certain circumstances may be imprisoned for such escape. Sentences are to be *in addition* to any sentence previously imposed.

"Recently, arguments have been made that a concurrent sentence is 'in addition' and would satisfy the requirements of this statute.

"In order to clarify the law, this proposal states that sentences for escape shall be *consecutive* to any sentence previously imposed." Senate Bill No. 272, found in bill jacket of ch. 187, Laws of 1969.

The legislative clarification is a mere restatement of the previous legislative intent. We are satisfied that the term imposed was authorized by the statute and that the trial judge correctly interpreted the statute to require consecutive sentencing for an escape violation.

*By the Court.*—Order affirmed.