STATE of Wisconsin, Plaintiff-Respondent,

v.

Du Wayne D. SCHULTZ, Defendant-Appellant.

Court of Appeals

*No. 87–1574–CR. Submitted on briefs March 29, 1988.—
Decided July 6, 1988.*

(Also reported in 429 N.W.2d 79.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Ruth S. Downs*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Joseph F. Paulus,* assistant district attorney, Oshkosh.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.  The issue is whether a sentencing court *must* impose consecutive sentences for a third violation of driving after revocation. Because no statute so instructs, we reverse the judgment which was entered based upon the trial court's erroneous ruling that it was required to impose the sentence consecutively.

Du Wayne Schultz pled guilty to a third offense of operating a motor vehicle after revocation in violation of sec. 343.44(1), Stats.[1] Thereupon, the state recommended that the minimum sentence be imposed to run concurrently with a sentence Schultz was then serving for a second offense of driving after revocation. The trial court reluctantly rejected the plea bargain, reasoning that the intent of the legislature was to mandate consecutive sentences.

---

[1]Section 343.44(1), Stats., reads as follows:

**Driving after license revoked or suspended.** (1)  No person whose operating privilege has been duly revoked or suspended pursuant to the laws of this state shall operate a motor vehicle upon any highway in this state during such suspension or revocation or thereafter before filing proof of financial responsibility or before he has obtained a new license in this state or his operating privilege has been reinstated under the laws of this state. No person whose regular license has been duly revoked or suspended pursuant to the laws of this state, but whose chauffeur's license is still valid, shall operate a motor vehicle upon any highway in this state other than as a chauffeur before he has obtained a new license or has had his license reinstated under the laws of this state.

We agree with Schultz that the sentencing court was not required to impose the mandatory thirty-day sentence consecutive to the second offense he was then serving. In so deciding, we initially note that sentencing is discretionary with the court. *McCleary v. State,* Wis. 2d 263, 277, 182 N.W.2d 512, 519 (1971). However, if a judge bases the exercise of discretion upon an error of law, the conduct is beyond the limits of discretion. *State v. Hutnik,* 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968). Because the trial court here limited its discretion based on its erroneous construction of the statute, we reverse.

Construction of a statute is a question of law. This court need not give deference to the circuit court's decision. *Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985). Reading the statutes *de novo,* we observe that trial courts have no inherent power in regard to sentencing. The power to sentence, including the authority to sentence consecutively, is derived solely from the statutes. *Donaldson v. State,* 93 Wis. 2d 306, 310, 286 N.W.2d 817, 819 (1980).

In most cases, trial courts have been given the authority to order consecutive or concurrent sentences as they deem fit depending on the case. This is because the legislature has expressly authorized the trial court to impose consecutive sentences in its discretion. Sec. 973.15(2), Stats.[2]

---

[2]Section 973.15(2), Stats., reads as follows:

The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or

The general grant of authority under sec. 973.15(2), Stats., is circumscribed only when the legislature expressly mandates a consecutive sentence for a particular crime.

For example, in *State v. Franklin,* 49 Wis. 2d 484, 182 N.W.2d 289 (1971), the supreme court considered the escape statute, sec. 946.42(4), Stats. (1967). The court held that since the statute's language required the sentence to be imposed "in addition to" any previous sentence, consecutive sentences were mandated. *Franklin,* 49 Wis. 2d at 487, 182 N.W.2d at 290.

The statute here, sec. 343.44, Stats., contains no language similar to the escape statute. It only requires that the offender be imprisoned not less than thirty days nor more than nine months. Therefore, all we can say about the statute is that a third time violator must receive a sentence of at least thirty days. Sec. 343.44(2)(c). Further, the violator may not be given probation in lieu of the minimum sentence. *State v. Duffy,* 54 Wis. 2d 61, 65, 194 N.W.2d 624, 626 (1972). However, the legislature has not stated any preference for consecutive sentences.

The state argues that the language in sec. 343.44(2)(c), Stats., relating to *minimum* time spent in jail for each offense means that the sentences were meant to be consecutive. The state underlines that part of the statute which says the offenders "shall" be imprisoned not less than thirty days. The state concludes that the word "shall" is a directive mandating thirty-day sentences independent of any other. The state concludes that to rule otherwise would be to give a "free pass" on one of the violations.

---

consecutive to any other sentence imposed at the same time or previously.

■

We agree, however, with Schultz's response to the state's argument. The phrase "shall" means that a person convicted of a third driving after revocation offense must be kept off the streets for a minimum of thirty days. The statute in no way commands that it be thirty days in addition to any other sentence the individual may be serving.[3]

We would be remiss if we did not comment on the "free pass" argument. That argument can be made about all concurrent sentences. If the state believes there should not be concurrent sentences in this case or concurrent sentences in any case, it should direct its energies to the legislature—that body of government with the power to change the law.

The sentence is reversed. The case is remanded to the trial court with directions to resentence consistent with this opinion. In its discretion, the trial court may but need not sentence consecutively.[4]

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[3]We deem the statute to be unambiguous. To the extent that it may be considered ambiguous, however, we point out that penal statutes are to be strictly construed in favor of the accused. *State v. Wilson,* 77 Wis. 2d 15, 28, 252 N.W.2d 64, 70 (1977).

[4]The issue in this case was certified to the supreme court on May 4, 1988; the certification was refused on June 7, 1988.