STATE of Wisconsin, Plaintiff-Respondent,

v.

Curtis E. STROHBEEN, Defendant-Appellant.†

Court of Appeals

*Nos. 88–0506–CR, 88–0507–CR. Submitted on briefs October 21, 1988.—Decided November 16, 1988.*

(Also reported in 433 N.W.2d 288.)

† Petition to review denied.

On behalf of the defendant-appellant the cause was submitted on the brief of *Mark Lukoff,* first assistant state public defender.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Paul G. Lundsten,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Curtis Strohbeen appeals from judgments convicting and sentencing him for operating a motor vehicle while intoxicated and operating after revocation, and from orders denying his motion to modify the sentences. Strohbeen contends that the trial court lacked the authority to stay the execution of his sentences for twenty-eight days, so as to cause the sentences to run consecutive to a commitment for non-payment of a civil forfeiture he was already serving in Dodge county. We interpret sec. 973.15, Stats., to harmonize with secs. 973.07 and 345.47, Stats., and conclude that the trial court may impose a sentence consecutive to a forfeiture and penalty assessment commitment.[1] Additionally, we conclude that the plain meaning of sec. 973.15(8)(c)

---

[1]The underlying judgments in the Dodge county case are not a part of the record. We accept the parties' representation that Strohbeen's Dodge county commitment is for failure to pay a forfeiture pursuant to sec. 345.47, Stats. Because penalty assessments are required in all cases where a fine or forfeiture is imposed, sec. 165.87(2), Stats., we assume that Strohbeen's commitment is also for failure to pay such assessment pursuant to sec. 973.07, Stats.

confers upon the court the power to stay the execution of a sentence up to sixty days. Therefore, the trial court's sentence and refusal to modify that sentence were proper, and we affirm.

Strohbeen pled guilty to operating a motor vehicle while intoxicated (OWI) and operating after revocation (OAR), contrary to secs. 346.63(1)(a) and 343.44(1), Stats. Before he was sentenced on these counts, Strohbeen had commenced the service of a county jail commitment for failure to pay civil forfeitures in an unrelated case. This commitment was to end on November 30, 1987. On November 2, 1987, the trial court sentenced Strohbeen on the OWI and OAR convictions. A sentence of forty-five days in the county jail with Huber privileges and a fine of $585 were imposed on the OWI conviction, and a concurrent sentence of ten days in the county jail with Huber privileges and a fine of $385 were imposed on the OAR conviction. The court ordered the commencement of both sentences stayed until November 30, 1987—twenty-eight days—so that the sentences would run consecutive to the unrelated forfeiture commitment Strohbeen was already serving.

Strohbeen then filed a motion to modify his sentences, requesting that they be deemed to have commenced on November 2, 1987, the date of his sentencing. After hearing arguments on the motion, the trial court denied Strohbeen this relief, stating dual grounds for its decision. First, the court found that it had the authority to impose a sentence consecutive to a forfeiture commitment pursuant to *State v. Way,* 113 Wis. 2d 82, 85, 334 N.W.2d 918, 919 (1983). Second, the court found that it could properly stay the execution of the sentences for up to sixty days, pursuant to sec. 973.15(8)(c), Stats.

On appeal, Strohbeen argues that because sentencing is purely a statutory power and sec. 973.15, Stats., is silent on the authority of a trial court to impose a sentence consecutive to a forfeiture commitment, the court lacked the authority to sentence as it did. Additionally, Strohbeen looks to the history of sec. 973.15(8)(c), which allows a sentencing court to stay a sentence for sixty days, and asserts that this statute was only intended to be invoked at the request of the defendant being sentenced. Since he did not request a stay of his sentences, Strohbeen maintains that sec. 973.15(8)(c) cannot support the twenty-eight-day stay ordered in his case.

Strohbeen has substantial long-standing supreme court authority for his argument that a court's sentencing power is derived solely from statute. *See, e.g., Donaldson v. State,* 93 Wis. 2d 306, 310, 286 N.W.2d 817, 819 (1980); *Drinkwater v. State,* 69 Wis.2d 60, 65–66, 230 N.W.2d 126, 128 (1975). Where this approach has revealed unwise sentencing laws, the supreme court has urged legislative attention to the problem. *See Donaldson,* 93 Wis. 2d at 317–18, 286 N.W.2d at 822 (Callow, J., concurring). However, when addressing a sentencing statute bearing on public policy, the Wisconsin Supreme Court has neither invoked nor followed this narrow measure of a court's sentencing authority. *See State v. Boettcher,* 144 Wis. 2d 86, 423 N.W.2d 533 (1988).

Whether a particular sentence is authorized by statute presents an issue of statutory interpretation. Interpretation of a statute is a question of law to which we apply an independent standard of review. *State v. Gavigan,* 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984).

The issue in this case is whether a sentencing court has the power under sec. 973.15, Stats., to order that a sentence be served consecutive to a commitment under secs. 345.47 and 973.07, Stats., for failure to pay a fine and penalty assessment.[2] Since multiple statutes are involved on this question and all deal with the subject matter of confinement, we should

[2]Section 973.15, Stats., reads in part:

**Sentence, terms, escapes.** (1) All sentences to the Wisconsin state prisons shall be for one year or more. Except as otherwise provided in this section, all sentences commence at noon on the day of sentence, but time which elapses after sentence while the convicted offender is at large on bail shall not be computed as any part of the term of imprisonment.

(2) The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously.

(3) Courts may impose sentences to be served in whole or in part concurrently with a sentence being served or to be served in a federal institution or an institution of another state.

Section 973.07, Stats., reads in part:

**Failure to pay fine or costs.** If the fine, costs, [or] penalty assessment ... are not paid as required by the sentence, the defendant may be committed to the county jail until the fine, costs, [or] penalty assessment ... are paid or discharged for a period fixed by the court not to exceed 6 months.

Section 345.47, Stats. (1985–86), reads in part:

**Judgment of forfeiture and penalty assessment.** (1) If the defendant is found guilty, the court may enter judgment against the defendant for a monetary amount not to exceed the maximum forfeiture and penalty assessment, if required by s. 165.87, provided for the violation and for costs under s. 345.53 and, in addition, may suspend or revoke his or her operating privilege under s. 343.30. If the judgment is not paid, the court shall order:

(a) That the defendant be imprisoned for a time specified by the court until the judgment is paid, but not to exceed 90 days ....

read the statutes *in pari materia,* with a view toward harmonizing them if possible. *See State v. Amato,* 126 Wis. 2d 212, 216, 376 N.W.2d 75, 77 (Ct. App. 1985).

■

Absent ambiguity, judicial rules of construction are not permitted and we must give the words of the statute their obvious and intended meaning. *State Historical Soc'y v. Village of Maple Bluff,* 112 Wis. 2d 246, 252–53, 332 N.W.2d 792, 795 (1983). However, ambiguity can be created by the interaction of two separate statutes. *State v. Kenyon,* 85 Wis. 2d 36, 49, 270 N.W.2d 160, 166 (1978). Although the sentencing statute, sec. 973.15(2), Stats., authorizes a sentence "concurrent with or consecutive to any other sentence imposed at the same time or previously," all the statutes under scrutiny here are silent as to whether a sentence can be made consecutive to a commitment for failure to pay a forfeiture or penalty assessment. The statutes' silence on this question makes them ambiguous. Therefore, we are required to construe these statutes.

In *Way,* this court spoke to the public policy underlying sec. 973.07, Stats.:

> The obvious purpose of a sentence providing an alternative penalty ... if the original fine is not paid is to prompt or coerce the defendant to pay the fine. This being the intended purpose, a court by necessity must have the authority to impose a commitment consecutive to the jail time provision.

*Way,* 113 Wis. 2d at 87, 334 N.W.2d at 920. Thus, we held in *Way* that sec. 973.07 must be interpreted to allow the imposition of a commitment consecutive to a sentence in order to make the commitment statute meaningful. *Way,* 113 Wis. 2d at 87–88, 334 N.W.2d at

920. "A commitment must be separate from and in addition to any other periods of incarceration the person is required to serve in order to enable the commitment to serve its prompting or coercive purpose." *Id.* at 87, 334 N.W.2d at 920.

Here, the situation is reversed from that in *Way;* the sentence was imposed consecutive to the commitment. Nonetheless, we conclude that the policy reasons recited in *Way* compel the same conclusion. To hold otherwise would defeat the coercive purpose of secs. 345.47 and 973.07, Stats., and would render them meaningless in this type of setting. Such interpretations are to be avoided. *State v. Kruse,* 101 Wis. 2d 387, 395, 305 N.W.2d 85, 89 (1981). Our interpretation harmonizes and gives full force and effect to all the statutes under scrutiny in this case. *Cf. Bingenheimer v. DHSS,* 129 Wis. 2d 100, 107, 383 N.W.2d 898, 901 (1986).[3]

We also conclude that the trial court properly stayed Strohbeen's sentence for twenty-eight days,

---

[3]Strohbeen argues that our recent decision in *State v. Schultz,* 145 Wis. 2d 661, 429 N.W.2d 79 (Ct. App. 1988), supports his position. *Schultz* held that the mandatory minimum sentence for a violation of sec. 343.44(1), Stats. (operating after revocation), did not preclude the imposition of a concurrent sentence under sec. 973.15(2), Stats. In *Schultz,* we adhered to the traditional rule that "[t]he power to sentence, including the authority to sentence consecutively, is derived solely from the statutes." *Schultz,* 145 Wis. 2d at 664, 429 N.W.2d at 80 (citing *Donaldson v. State,* 93 Wis. 2d 306, 310, 286 N.W.2d 817, 819 (1980)).

*Schultz,* however, does not rest upon any public policy analysis or statement. In fact, we directed the state's energies to the legislature, rather than this court, to obtain the enactment of such a policy. *Id.* at 666, 429 N.W.2d at 80.

under sec. 973.15(8)(c), Stats., which permits a court to stay execution of a sentence "[f]or not more than 60 days." In construing this statute, we are to give effect to the intent of the legislature. *Marshall-Wisconsin Co. v. Juneau Square Corp.,* 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). First, we must look to the language of the statute itself in determining intent. *Id.* If the meaning of the statute is plain, we are prohibited from looking beyond the language of the statute to ascertain its meaning. *Id.*

Section 973.15(8)(c), Stats., clearly states that a sentencing court may stay execution of a sentence "[f]or not more than 60 days." Strohbeen asks us to examine the statute's legislative history in order to determine the intent of the legislature. There is nothing ambiguous about the language of this subsection which would allow us to go beyond it to determine legislative intent. *Cf. City of Sheboygan v. WERC,* 125 Wis. 2d 1, 4, 370 N.W.2d 800, 802 (Ct. App. 1985). It is not within this court's authority to limit the scope of this subsection in the manner which Strohbeen suggests. From the language of sec. 973.15(8)(c), we conclude that the legislature intended to allow a sentencing court to stay execution of a sentence up to sixty days at its discretion. Accordingly, we affirm.

*By the Court.*—Judgments and orders affirmed.