STATE of Wisconsin, Plaintiff-Respondent,

v.

James E. SZULCZEWSKI, Defendant-Appellant.†

Court of Appeals

*No. 96–1323–CR. Submitted on briefs December 9, 1996.—Decided February 13, 1997.*

(Also reported in 561 N.W.2d 781.)

†Petition to review granted.

1

For the defendant-appellant the cause was submitted on the briefs of *Antonette H. Laitsch* of *Schuster & Mader* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Warren D. Weinstein*, assistant attorney general.

Before Eich, C.J., Roggensack and Deininger, JJ.

DEININGER, J. James Szulczewski appeals from a judgment convicting him of battery by a prisoner, § 940.20(1), STATS., and from an order denying his motion for sentence modification. He contends that the sentencing court had no authority to order the five-year prison sentence on the battery conviction to commence immediately because he had not been discharged from his prior commitment under § 971.17, STATS.[1] Defendant also claims the application of the enhanced

---

[1] Section 971.17(8), STATS., provides that "[t]he commitment, release and discharge of persons adjudicated not guilty by reason of mental disease or mental defect for offenses committed prior to January 1, 1991, shall be governed by s. 971.17,

penalties for battery under § 940.20(1) to a person committed under § 971.17 violates the Equal Protection Clause.

We conclude that immediate commencement of the prison sentence is authorized by § 973.15, STATS., although the denomination of it as "concurrent" to the prior commitment is not. We also conclude that defendant waived his constitutional challenge to § 940.20(1), STATS., by failing to raise it in the trial court. Accordingly, we affirm.

## BACKGROUND

In 1975, defendant was found not guilty of murder and attempted murder by reason of mental disease or defect (NGI). He was committed to the Department of Health and Social Services (DHSS) "for custody, care and treatment" under § 971.17(1), STATS., (1969). On February 10, 1995, he was found guilty by a jury of violating § 940.20(1), STATS.,[2] for injuring another NGI acquittee at Mendota Mental Health Institute. Defendant had initially entered pleas of not guilty and not guilty by reason of mental disease or defect, but the latter plea was withdrawn before trial.

---

1987 stats., as affected by 1989 Wisconsin Act 31." The 1987 statute, in turn, provides as follows:

> When a defendant is found not guilty by reason of mental disease or defect, the court shall order him to be committed to the department [DHSS] to be placed in an appropriate institution for custody, care and treatment until discharged as provided in this section..

[2] Section 940.20(1), STATS., provides as follows:

(1)   BATTERY BY PRISONERS. Any prisoner confined to a state prison or other state, county or municipal detention facility who intentionally causes bodily harm to an officer, employe, visitor or another inmate of such prison or institution, without his or her consent, is guilty of a Class D felony.

4

He was sentenced to five years in prison and ordered immediately transferred to the Department of Corrections (DOC) for appropriate placement. Defendant's post-conviction motion challenging his sentence was denied by the sentencing court. He appeals his conviction and the order denying sentence modification.

## ANALYSIS

### a. Standard of Review

■ The interpretation of a statute and its application to a set of undisputed facts are questions of law which we review de novo. *State v. Rohl*, 160 Wis. 2d 325, 329, 466 N.W.2d 208, 210 (Ct. App. 1991).

### b. Sentencing of Person Subject to Prior Commitment under § 971.17(1), STATS.

Defendant argues that the circuit court had no authority to order the prison sentence on the battery conviction to be concurrent with the NGI commitment or to order that the sentence commence immediately. At the time of sentencing, defendant had not been discharged from his 1975 NGI commitment "as provided" in § 971.17, STATS. Thus, he claims that the immediate sentence and transfer to DOC violates § 971.17 and the policy it implements for treatment of NGI acquittees for mental illness and dangerousness. *See State v. Randall*, 192 Wis. 2d 800, 807-08, 532 N.W.2d 94, 96-97 (1995).

The State concedes that it was improper for the sentencing court to order the prison sentence on the battery conviction to be "concurrent with" the defen-

dant's NGI commitment because the prior commitment is not a "sentence." Under § 973.15(2), STATS., a sentencing court "may provide that any . . . sentence be concurrent with or consecutive to any other *sentence* imposed at the same time or previously." (Emphasis supplied.) *See State v. Woods*, 173 Wis. 2d 129, 137, 496 N.W.2d 144, 147-48 (Ct. App. 1992) (adult sentence cannot run consecutive to a juvenile disposition because a juvenile disposition is not a "sentence").

We concur in the State's analysis, and order that the words "concurrent with Not Guilty by Insanity commitment" be deleted from the judgment of conviction. *See Bruneau v. State*, 77 Wis. 2d 166, 168, 252 N.W.2d 347, 348 (1977).

Since the battery sentence could not be imposed "concurrent with" the NGI commitment, the issue on this appeal is which has precedence, the sentence to DOC or the prior commitment to DHSS? Or, put another way, could the sentencing court order the criminal sentence to commence immediately, notwithstanding the fact that defendant had not been discharged from his prior commitment under § 971.17, STATS.?

The State proposes that we "harmonize" § 971.17, STATS., with § 973.15, STATS., by concluding that the prior NGI commitment is "legal cause" for which a sentence may be stayed under § 973.15(8)(a)1. If a prior NGI commitment constitutes "legal cause," sentencing courts could determine on a case-by-case basis whether to impose sentence for a new criminal offense immediately, as was done in this case, or to stay the sentence until the expiration of the prior NGI commitment. The defendant in his reply brief endorses this approach, but unlike the State, he would have us determine here that

6

the sentencing court improperly denied a stay in this case.

The supreme court has stated that "what constitutes legal cause for the stay of execution of sentence has not been defined in detail" in Wisconsin law. *State v. Braun*, 100 Wis. 2d 77, 85, 301 N.W.2d 180, 184 (1981). The *Braun* court noted that a stay of sentence pending appeal of the underlying conviction "is appropriate," *id.*, as is a stay to allow a consolidation of criminal matters, *Weston v. State*, 28 Wis. 2d 136, 146, 135 N.W.2d 820, 825-26 (1965).

The State argues that our holding in *State v. Strohbeen*, 147 Wis. 2d 566, 433 N.W.2d 288 (Ct. App. 1988), supports a conclusion that the existence of a prior NGI commitment is "legal cause" to stay a sentence. We disagree. We held in *Strohbeen* that a criminal sentence could be ordered consecutive to incarceration for failure to pay a fine, and that a twenty-eight day stay of sentence to accomplish that result was expressly authorized under § 973.15(8)(a)3, STATS. *Id.* at 573-74, 433 N.W.2d at 291. We did not address whether the prior incarceration constituted "legal cause" to stay the new sentence. As we have previously discussed, under § 973.15(2) a sentence cannot be ordered consecutive to an NGI commitment. Any stay granted to accomplish a de facto consecutive sentence would of necessity be indefinite, and thus not authorized under § 973.15(8)(a)3 (sixty day limitation). *Strohbeen* is thus of no assistance to us here.

We decline the State's invitation to declare that the existence of a prior commitment under § 971.17, STATS., constitutes "legal cause" for staying a criminal sentence. We see no conflict between the sentencing

7

and NGI commitment statutes requiring "harmonization." Furthermore, it is not our role to declare the law. *See State v. Grawien*, 123 Wis. 2d 428, 432, 367 N.W.2d 816, 818 (Ct. App. 1985).

Rather, we conclude § 973.15(1), STATS., is clear on its face that "[e]xcept as otherwise provided in this section, all sentences commence at noon on the day of sentence." No exception is made in § 973.15 for persons subject to commitment under § 971.17, STATS. The only exceptions in the statute are for stays granted for legal cause, for probation, or "[f]or not more than 60 days." Section 973.15(8)(a). If the meaning of a statute is plain, we are prohibited from looking beyond the language of the statute to ascertain its meaning. *Marshall-Wisconsin Co. v. Juneau Square Corp.*, 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987).

Defendant cites no statute or case law suggesting that a criminal sentence must be deferred during the pendency of a commitment under § 971.17, STATS. His arguments are largely grounded upon "the policy behind confinement of an NGI acquittee." We do not disagree with defendant's assertion that under Wisconsin's statutory provisions for NGI commitments, as discussed in *Randall*, 192 Wis. 2d at 807-08, 532 N.W.2d at 96-97, he is subject to the 1975 commitment until it is determined that he is no longer mentally ill and is no longer dangerous. He may well continue to be either or both, and thus not eligible for discharge from the NGI commitment.

The fact that defendant was found not guilty of certain offenses in 1975 by reason of mental disease or defect, however, does not render him immune from the present imposition of criminal penalties for a new offense. If defendant (or his counsel) believed there

were grounds for defendant to avoid criminal responsibility for the new offense, he had the opportunity to raise them before trial. *See* §§ 971.13 and 971.14, STATS. (competency to proceed), and §§ 971.15, 971.16 and 971.165, STATS. (mental responsibility for criminal conduct). Furthermore, if defendant continues to have particular medical or treatment needs, his transfer to the custody of DOC does not preclude him from receiving appropriate treatment. *See, e.g.* § 51.37(5), STATS. (transfer and commitment of prisoners for psychiatric or psychological treatment), and § 302.055, STATS. (transfer of inmate to Wisconsin resource center for "individualized care").

Just as we declined the State's invitation to invade the supreme court's law-declaring function, we reject defendant's request that we usurp the legislature's role in implementing public policy goals by judicially "rewriting" these statutes. *See La Crosse Lutheran Hosp. v. La Crosse County,* 133 Wis. 2d 335, 338, 395 N.W.2d 612, 613 (Ct. App. 1986). The primary charge of this court is the correcting of error in individual cases. *State ex rel. Swan v. Elections Bd.,* 133 Wis. 2d 87, 93-94, 394 N.W.2d 732, 735 (1986). We find no error in the sentencing court's order that defendant's prison sentence for battery commence immediately under § 973.15(1), STATS., notwithstanding his status as an acquittee under § 971.17(1), STATS.

## c. Equal Protection Claim

Defendant claims that his classification as a "prisoner" for purposes of § 940.20(1), STATS., is an unconstitutional denial of equal protection because the classification is not rationally related to the purpose of

9

the enhanced battery statute. The State asserts that defendant waived his right to pursue this issue on appeal because he failed to raise and argue the issue in the trial court. We agree. The specific issue now argued by defendant is raised for the first time on this appeal, and we need not review it. *County of Columbia v. Bylewski,* 94 Wis. 2d 153, 171, 288 N.W.2d 129, 138-39 (1980).

In his reply brief, defendant cites several transcript fragments which he maintains show that "several objections to the classification" were made before the trial court. These brief excerpts show only that defendant's trial counsel told the court that defendant believed *State v. Skamfer,* 176 Wis. 2d 304, 500 N.W.2d 369 (Ct. App. 1993) was wrongly decided. We held in *Skamfer* that, as a matter of statutory interpretation, an NGI acquittee was a "prisoner" for purposes of § 940.20(1), STATS. *Id.* at 307-09, 500 N.W.2d at 370-71. We did not address equal protection in *Skamfer,* nor did this defendant raise an equal protection claim before the trial court.[3]

---

[3] Defendant did file a motion to dismiss the Information for selective prosecution, and later a renewed motion to dismiss on the grounds that "Mr. Szulczewski believes that the current controlling court of appeals decision in this matter, *State v. Skamfer,* was wrongly decided." The latter motion was filed on the morning of trial, along with a motion for continuance. Only the continuance motion was argued to the court. Post-conviction, defendant moved only for a modification of sentence. In oral argument on the motion, defendant's counsel mentioned in passing that the sentence was violative of defendant's due process rights as a mental health patient, but raised no equal protection claim regarding § 940.20(1), STATS.

We recognize that, despite defendant's failure to raise the equal protection issue in the trial court, we may address it if the interests of justice require and if there are no factual issues which require resolution. *Id.* at 311, 500 N.W.2d at 372. Defendant asserts that these requirements are met, but does not tell us how or why. We therefore decline to exercise our discretionary authority to review the issue.

Accordingly, we conclude that the immediate commencement of Szulczewski's prison sentence is authorized by § 973.15, STATS., and order that the words "concurrent with Not Guilty by Insanity commitment" be deleted from the judgment of conviction.

*By the Court.*—Judgment and order modified consistent with this opinion and, as modified, affirmed.