COURT OF APPEALS
DECISION
DATED AND FILED

June 29, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If
published, the official version will appear in
the bound volume of the Official Reports.

A party may file with the Supreme Court a
petition to review an adverse decision by the
Court of Appeals. *See* WIS. STAT. § 808.10
and RULE 809.62.

Appeal No. **2020AP266-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018CF3239**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

MICHAEL JAMES BREHM,

      DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: DAVID A. HANSHER, Judge. *Affirmed*.

Before Brash, P.J., Donald and White, JJ.

¶1 DONALD, J. Michael James Brehm appeals a judgment entered after a guilty plea to one count of possession of a firearm by a felon and an order denying postconviction relief. Brehm contends that he was improperly sentenced to three years of initial confinement for being a felon in possession pursuant

WIS. STAT. § 941.29(4m)(a) (2017-18).[1]  Brehm also contends that he is entitled to an evidentiary hearing to determine whether trial counsel was ineffective for: (1) failing to request a presentence investigation report (PSI); (2) failing to offer evidence of Brehm's alleged "non-possession" of the firearm; and (3) failing to advise Brehm "not to make statements to his detriment."  We reject each of Brehm's arguments and affirm.

## BACKGROUND

¶2     According to the criminal complaint, on July 7, 2018, one of Brehm's neighbors called 911 after seeing Brehm "holding a firearm out of the upstairs window" and "discharging the firearm into the air."  Police found a 9mm Glock handgun in Brehm's apartment and spent 9mm casings at the scene.  In a *Mirandized* interview, Brehm admitted that he "shot a couple of rounds into the air."[2]  Brehm further explained that he "didn't think for a couple of seconds" and "didn't have any bad intentions … I just had a dumb thought."

¶3     Brehm entered a guilty plea to possession of a firearm by a felon. This invoked the mandatory minimum penalty provision pursuant to WIS. STAT. § 941.29(4m)(a).  Section (4m)(a) states that "[i]f a person commits a violation of [the felon in possession statute], the court shall impose a bifurcated sentence …

---

[1] All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

and the confinement portion of the bifurcated sentence imposed on the person shall be not less than [three] years[.]"[3]

¶4      On July 25, 2019, a sentencing hearing took place. At the beginning of the hearing, the defense requested that the mandatory minimum of three years of initial confinement be imposed but stayed for a term of probation and one year of conditional jail time. The circuit court denied the request. The court stated that "I'd like to do it, but I think the word 'shall' in reading the statute ties my hand[s]."

¶5      The circuit court sentenced Brehm to the mandatory minimum of three years of initial confinement followed by three years of extended supervision.

¶6      After sentencing, Brehm filed a postconviction motion. Brehm argued that he was entitled to a sentence modification or a new sentencing hearing because the circuit court erroneously believed it had to impose the mandatory minimum and that WIS. STAT. § 941.29(4m)(a) was unconstitutionally overbroad. Brehm also argued that he was entitled to an evidentiary hearing to withdraw his plea based on ineffective assistance of counsel.

¶7      The circuit court denied Brehm's motion without a hearing. Based on the plain language of WIS. STAT. § 941.29(4m)(a), it concluded that "probation was not an option[.]" The court also rejected Brehm's claim that the statute was overbroad, stating that his challenge was "unconvincing" and "underdeveloped."

---

[3] The mandatory minimum only applies if certain conditions are met, including that a person was previously convicted of a "violent felony" and the person committed the current offense within five years after "completing his or her sentence[.]" *See* WIS. STAT. § 941.29(4m)1. & 2.a. Brehm does not contest that the required conditions were satisfied in his case.

In addition, the court found that Brehm's ineffective assistance of counsel claims were "insufficiently pled" and his "conclusory allegations do not warrant an evidentiary hearing."

¶8    On appeal, Brehm renews the arguments he made in the circuit court. As discussed below, we reject each of his arguments.

## DISCUSSION

### I.    Mandatory Minimum

#### A.    Plain Meaning of WIS. STAT. § 941.29(4m)(a)

¶9    According to Brehm, the circuit court could have imposed and stayed a bifurcated sentence with three years of initial confinement and placed Brehm on probation because WIS. STAT. § 941.29(4m)(a) is silent as to whether the mandatory minimum can be stayed. We disagree.

¶10    When interpreting a statute, we start with the language of the statute. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the words of a statute are plain, we stop our inquiry and apply the words chosen by the legislature. *Id.* "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* "Statutory interpretation presents a question of law that we review *de novo*." *State v. Stewart*, 2018 WI App 41, ¶18, 383 Wis. 2d 546, 916 N.W.2d 188.

¶11    WISCONSIN STAT. § 941.29(4m)(a) states that "[i]f a person commits a violation of [the felon in possession statute], the court *shall* impose a bifurcated

sentence … and the confinement portion of the bifurcated sentence imposed on the person *shall* be not less than [three] years[.]" (Emphasis added).

¶12      The plain language of WIS. STAT. § 941.29(4m)(a) expressly states that a sentencing court "shall impose a bifurcated sentence" and the confinement portion "shall be not less than [three] years[.]"  "The general rule is that the word 'shall' is presumed mandatory when it appears in a statute." ***Rotfeld v. DNR***, 147 Wis. 2d 720, 726, 434 N.W.2d 617 (Ct. App. 1988) (citation omitted).  Thus, contrary to Brehm's argument, imposing a bifurcated sentence with a three-year period of initial confinement was mandatory, not optional.

¶13      Moreover, our supreme court has rejected a similar argument in ***State v. Williams***, 2014 WI 64, 355 Wis. 2d 581, 852 N.W.2d 467.  In ***Williams***, the court examined whether the language of an operating while intoxicated penalty statute, WIS. STAT. § 346.65(2)(am)6. (2009-10), required a sentencing court to impose a bifurcated sentence with three years of initial confinement. ***Id.***, ¶6.  The defendant suggested that because the statute did "not explicitly prohibit probation, the sentencing court retains the option to order it." ***Id.***, ¶34.  The court rejected the defendant's argument holding that "[i]f the statute imposes a mandatory minimum in prison, there would be no reason to prohibit probation.  The fact that other unrelated statutes do explicitly prohibit probation in an abundance of caution is irrelevant." ***Id.*** (footnote omitted).  Likewise, here, the absence of language in

WIS. STAT. § 941.29(4m)(a) specifically prohibiting a court from staying the sentence and ordering probation is irrelevant.[4]

¶14     Brehm argues that we should apply the rule of lenity when construing WIS. STAT. § 941.29.  The rule of lenity provides generally that "when doubt exists as to the meaning of a criminal statute, 'a court should … interpret the statute in favor of the accused.'"  *State v. Guarnero*, 2015 WI 72, ¶26, 363 Wis. 2d 857, 867 N.W.2d 400 (citation omitted).  However, this rule only applies if a "grievous ambiguity" or uncertainty exists that "would cause a court to 'simply guess' as to the meaning of the statute."  *Id.*, ¶27 (citation omitted).  As discussed above, we do not find that § 941.29(4m)(a) is ambiguous, thus, the rule of lenity does not apply.  *See State v. Luedtke*, 2015 WI 42, ¶73, 362 Wis. 2d 1, 863 N.W.2d 592.

### B.     Constitutionality of WIS. STAT. § 941.29(4m)(a)

¶15     Brehm argues that WIS. STAT. § 941.29(4m)(a) is unconstitutionally overbroad.  "A statute is overbroad when its language, given its normal meaning, is so sweeping that its sanctions may be applied to constitutionally protected conduct which the state is not permitted to regulate."  *See State ex rel. Two Unnamed Petitioners v. Peterson*, 2015 WI 85, ¶52, 363 Wis. 2d 1, 866 N.W.2d 165 (citation omitted).  Statutes are presumed constitutional, and a challenger must show unconstitutionality beyond a reasonable doubt.  *Winnebago Cnty. v. C.S.*,

---

[4] Brehm points to *State v. Strohbeen*, 147 Wis. 2d 566, 433 N.W.2d 288 (Ct. App. 1988), to support his argument that the circuit court had the authority to stay his sentence. *Strohbeen*, however, is factually distinctive.  *Strohbeen* did not involve a mandatory minimum penalty statute, but rather whether a court had the authority to impose a sentence consecutive to a forfeiture commitment.  *Id.* at 568-69.

2020 WI 33, ¶14, 391 Wis. 2d 35, 940 N.W.2d 875. The constitutionality of a statute is reviewed *de novo*. ***Id.***, ¶13.

¶16    We conclude that Brehm has failed to meet his burden to show that WIS. STAT. § 941.29(4m)(a) is overbroad. Brehm does not explain why the language in the statute is so sweeping that it applies to constitutionally protected conduct which the State is not permitted to regulate. We will not develop arguments for parties. *See **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

¶17    Further, we are not persuaded under the particular facts of this case that the statute is unconstitutional. The complaint, which the defense stipulated to at the plea hearing, alleged that neighbors saw Brehm holding a firearm out of an upstairs window and discharging the firearm into the air. Such conduct clearly poses public safety concerns. *See **State v. Roundtree***, 2021 WI 1, ¶53, 395 Wis. 2d 94, 952 N.W.2d 765 (rejecting an argument that the felon in possession statute was unconstitutional as applied because the statute was substantially related to an important government objective of public safety and the prevention of gun violence). Thus, Brehm has not established that WIS. STAT. § 941.29(4m)(a) is overbroad. *See **C.S.***, 391 Wis. 2d 35, ¶14.

### C.    Improper or Inaccurate Information

¶18    Brehm argues that he was sentenced based on improper or inaccurate information because the circuit court erroneously believed it did not have the authority to impose and stay his sentence.

¶19    In order to succeed on this challenge, Brehm must establish that there was in fact an improper or inaccurate factor. *See **State v. Alexander***, 2015

WI 6, ¶¶17-18, 360 Wis. 2d 292, 858 N.W.2d 662. As discussed above, we reject Brehm's argument that the circuit court had the authority to impose and stay the mandatory minimum. Therefore, we do not find that Brehm was sentenced based on improper or inaccurate information.

## II.     Ineffective Assistance of Counsel

¶20     Brehm argues that "trial counsel was ineffective, entitling [him] to an evidentiary hearing to withdraw his plea." We disagree.

¶21     A defendant seeking to withdraw his plea after sentencing must prove by clear and convincing evidence that plea withdrawal is necessary to correct a manifest injustice. *State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996). One way to establish a manifest injustice is ineffective assistance of counsel. *Id.*

¶22     To prevail on a claim of ineffective assistance of counsel, the defendant must prove both that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A reviewing court may dispose of a claim of ineffective assistance of counsel on either ground. *Id.* at 697.

¶23     To prove deficiency, a defendant must demonstrate that counsel's conduct falls below an objective standard of reasonableness. *Id.* at 687-88. In the plea withdrawal context, to establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

¶24 A defendant is not automatically entitled to an evidentiary hearing. *Bentley*, 201 Wis. 2d at 310-11. A circuit court is required to hold an evidentiary hearing only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. Whether a defendant's motion has alleged sufficient material facts entitling the defendant to relief is a question of law that we review *de novo*. *Id.*, ¶9.

¶25 If the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Id.* We review this decision under the deferential exercise of discretion standard. *Id.*

¶26 Here, Brehm did not adequately allege that he was prejudiced by trial counsel's actions. As the circuit court observed, Brehm's postconviction motion "did not even offer a bare-bones allegation about why he would not have pled guilty but for counsel's purported errors—he offered no allegation at all." *See Lockhart*, 474 U.S. at 59. Moreover, as discussed below, each of Brehm's arguments are conclusory and devoid of factual support. *See Bentley*, 201 Wis. 2d at 314 ("[A] defendant should provide facts that allow the reviewing court to meaningfully assess his or her claim.").

¶27 Brehm first contends that trial counsel was ineffective for failing to request a PSI "in a felony case where substantial prison time is involved." Brehm asserts that a PSI would have provided information about his "mental health, physical health, and type of man [he] is." Brehm, however, does not specify what

9

a PSI would have stated about these general topics, or more significantly, explain why the absence of a PSI would provide a basis for him to withdraw his plea.[5]

¶28    Next, Brehm argues that trial counsel should have offered evidence of Brehm's alleged "non-possession" of the firearm. Brehm asserts that he "is not the owner of the gun that fired," at the time he admitted to the police that he shot the gun he had "a dangerously high intoxication level of .71 on a Breathanalyzer test,"[6] and "he did not fully remember everything that happened[.]" As the circuit court stated, "none of this information matters" because Brehm entered a plea to felon in possession of a firearm and does not allege or develop any argument that his plea was not knowing, voluntary, or intelligent.

¶29    Moreover, Brehm does not explain why his lack of ownership is relevant to whether he possessed a firearm in violation of WIS. STAT. § 941.29. *See* WIS JI—CRIMINAL 1343 (2019) (stating that "[i]t is not required that a person own an item in order to possess it"). Similarly, Brehm does not explain, or cite

---

[5] Brehm alleges that he "could have received a more favorable sentence." The State construes this as a request for a new sentencing hearing. To the extent that Brehm is also seeking a new sentencing hearing, we reject his request. As stated above, Brehm does not specify what a PSI would have stated. Nor does Brehm explain how the information in a PSI would have been different from that presented at sentencing. Prior to sentencing, trial counsel submitted six letters on Brehm's behalf. Those letters provided information about Brehm's character and background, including his relationship with his children. In addition, during sentencing, trial counsel specifically discussed Brehm's mental health and his physical health issues. Thus, Brehm has failed to allege sufficient facts to show that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See* ***Strickland v. Washington***, 466 U.S. 668, 694 (1984).

[6] The complaint states that "[a] preliminary breath test of [Brehm] yielded a result of 0.71." At sentencing, the State noted that there was "a typo" in the complaint and Brehm's blood alcohol content was actually "0.071," not "0.71."

any legal authority, as to why his intoxication or lack of memory rendered his statements unreliable.

¶30     Finally, Brehm states that trial counsel should have advised him "not to make statements to his detriment" at sentencing.   Once again, Brehm's argument is conclusory and undeveloped.   Brehm does not indicate what specific statements he is referring to or provide any explanation or argument as to why this entitles him to plea withdrawal.

¶31     For the reasons stated above, we conclude that Brehm did not allege sufficient material facts, that if true, would have entitled him to withdraw his guilty plea due to ineffective assistance of counsel.   Therefore, the circuit court acted properly when it denied Brehm's postconviction motion without a hearing.

## CONCLUSION

¶32     In sum, we reject Brehm's argument that the circuit court erroneously applied the mandatory minimum and that WIS. STAT. § 941.29(4m) is unconstitutionally overbroad.   We also reject Brehm's argument that he is entitled to an evidentiary hearing to withdraw his plea.   Thus, we affirm.

*By the Court.*—Judgment and order affirmed.

Not recommended for publication in the official reports.