STATE of Wisconsin, Plaintiff-Respondent,

v.

Paul Michael WAY, Defendant-Appellant.†

Court of Appeals

*Nos. 82–511, 82–512. Submitted on briefs October 4, 1982.— Decided April 22, 1983.*
(Also reported in 334 N.W.2d 918.)

† Petition to review dismissed.

For the defendant-appellant the cause was submitted on the brief of *Terry Evan Williams* of Lake Geneva.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

Before Scott, C.J., Voss, P.J., and Brown, J.

VOSS, P.J.   Paul Michael Way appeals from an order of the circuit court for Walworth county which denied his motion for modification of his sentences. On appeal, Way raises four issues: (1) Did the trial court have jurisdiction to order that a commitment for failure to pay a fine be served consecutive to a sentence and to order that a sentence for escape be served consecutive to the commitment; (2) did the trial court have jurisdiction to order Way's commitment for failure to pay a fine be served in the Wisconsin State Prison; (3) did the trial court abuse its discretion and violate Way's right by ordering a six-month commitment for failure to pay a fine, and (4) did the trial court abuse its discretion in sentencing Way to the maximum term of imprisonment for escape. We conclude that the trial court correctly ruled that Way's sentences should not be modified. Accordingly, we affirm.

Paul Way was convicted after entering a plea of guilty to one count of battery to a peace officer, contrary to sec. 940.20(2), Stats. The offense stemmed from a Linn Township police officer arresting Way on a traffic charge and Way's resistance to the arrest. After he was convicted, Way was sentenced to six months in the county jail with Huber privileges and a fine of $500 plus $100 costs or, should he fail to pay the fine, to an additional six months in the county jail. Payment of the fine was to be made by July 1, 1981.

On June 15, 1981, however, Way absconded from Huber and was absent from the state for ten days. Way

was apprehended returning to the United States from Canada and, after waiving extradition, was again incarcerated in the Walworth County Jail on or about June 25. On July 1, the fine had still not been paid. Thus, the trial court issued an order for Way to show cause why the court should not order an additional six months in the county jail. On July 2, the hearing was held. The court denied Way's request for more time to pay, imposed the additional six-month sentence under sec. 973.07, Stats., and ordered that the additional six months be served consecutive to the first six months. Way alleges that he was financially unable to pay the fine at the time of sentencing and at the time of the expiration of the stay of execution.

Way was also convicted, based on his plea of no contest, of escape, contrary to sec. 946.42 (2) (d), Stats. A presentence investigation was ordered. Based on the presentence investigation report and on the recommendation of the investigator, the court, on August 29, sentenced Way to the maximum term of two years to be served consecutively to his sentence for battery. Thus, the total time to be served equals three years in the Wisconsin State Prison.

Way first argues that the sentencing court neither had jurisdiction to order that a commitment for failure to pay a fine be served consecutive to a sentence nor to order that a sentence for escape be served consecutive to the commitment. We find that the trial court did have jurisdiction and the authority to do so in both instances.

In this case, the sentencing alternative of six months in jail for nonpayment of the fine and costs was conditioned on nonpayment. In *State ex rel. Pedersen v. Blessinger*, 56 Wis. 2d 286, 289–90, 201 N.W.2d 778, 780–81 (1972), our supreme court indicated that a commitment for failure to pay a fine is not an alternative

sentence of incarceration in lieu of the original fine nor is it another punishment for the crime for which the fine was imposed. Rather, it is a means to enforce payment of the fine and potentially a sanction for the inexcusable failure to pay.

Way maintains that because incarceration for nonpayment of a fine is technically a commitment as opposed to a sentence, sec. 973.15(2), Stats. (1979–80), does not permit consecutive terms. Section 973.15(2) reads:

(2) The court may imposed as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence. If the convicted offender is then serving a sentence or is subject to parole revocation proceedings, the present sentence may provide that it shall commence at the expiration of the previous sentence or any sentence resulting from a revocation of parole.

Way's basis for this argument is that sec. 973.15(2) does not speak of "commitments," only "sentences." We agree with Way that a commitment is not a sentence. Therefore, sec. 973.15(2), which speaks only of concurrent and consecutive sentences, cannot be deemed as authority for an ordinary commitment consecutive to a sentence. Authority, however, does come from sec. 973.-07, Stats., which was relied upon by the trial court. Section 973.07 says:

Failure to pay fine or costs. If the fine, costs, penalty assessment, applicable domestic abuse assessment payment, applicable driver improvement surcharge payment, applicable natural resources assessment or applicable natural resources restitution payment are not paid as required by the sentence, the defendant may be committed to the county jail until the fine, costs, penalty assessment, applicable domestic abuse assessment payment, applicable driver improvement surcharge payment, appli-

cable natural resources assessment or applicable natural resources restitution payment are paid or discharged for a period fixed by the court not to exceed 6 months.

The real question, then, is whether a court has the power under sec. 973.07 to order that a commitment for failure to pay a fine be served consecutive to another term of incarceration. The answer, based on *Pedersen,* is that a court may do this. We find no other statutes or case law that limit the authority of a sentencing court to impose a commitment consecutive to another term of incarceration. Without such a restriction, we believe that courts do have the authority to impose a consecutive commitment.

From a practical standpoint, if courts do not have the authority to make commitments consecutive, then the statutory power to order commitment for nonpayment of a fine would be meaningless. In *State v. Kruse,* 101 Wis. 2d 387, 395, 305 N.W.2d 85, 89 (1981), the court indicated that statutes are not to be construed in such a manner so as to render them meaningless. The obvious purpose of a sentence providing an alternative penalty of six months in jail if the original fine is not paid is to prompt or coerce the defendant to pay the fine. This being the intended purpose, a court by necessity must have the authority to impose a commitment consecutive to the jail time provision. A commitment must be separate from and in addition to any other periods of incarceration the person is required to serve in order to enable the commitment to serve its prompting or coercive purpose. If commitments were not separate and consecutive to sentences, then the fine would cease to be a real penalty, since any sanction for nonpayment of the fine would be encompassed within the provision for jail time or imprisonment. Thus, the commitment statute must be interpreted as permitting the imposition of a

commitment consecutive to the jail time provision in order to make the statute meaningful.

Second, Way argues that the trial court did not have jurisdiction to order his commitment for failure to pay a fine be served in the Wisconsin State Prison. The record indicates that Way has already served the prescribed period of his commitment. Wisconsin appellate courts have "consistently adhered to the rule that a case is moot when a determination is sought upon some matter which, when rendered, cannot have any practical legal effect upon a then existing controversy." *Milwaukee Police Association v. City of Milwaukee,* 92 Wis. 2d 175, 183, 285 N.W.2d 133, 137 (1979). Accordingly, we consider this issue moot.

Third, Way contends that the trial court abused its discretion and violated his rights by ordering a six-month commitment for failure to pay a fine. Way's basis for this contention is that he was committed because he was financially unable to pay his fine and that proper procedures for a commitment for failure to pay a fine were not followed. We acknowledge that it would be discriminatory to imprison Way merely to coerce a performance he is unable to give. Under such conditions, he is, in effect, imprisoned because of his poverty. *Pedersen,* at 295, 201 N.W.2d at 783. The *Pedersen* court went on to state that "the inability to pay and the question of indigency are relative terms and in the case of a fine, the trial courts should take a long and hard look upon the argument of inability to pay in our affluent society." *Id.*

We find that the trial court did make this type of determination. At the hearing on Way's motion for modification of his sentence, the trial court indicated that Way had been committed because he had failed to make a good faith effort to pay, not because of his financial

inability to pay the fine. At this hearing, evidence was presented which illustrated that Way had more than enough money needed to pay the fine and costs. Based on this evidence, the trial court concluded that Way's failure to pay the fine when he had sufficient funds available combined with his escape from custody demonstrated the lack of a good faith effort to pay. Accordingly, we find that the trial court properly concluded that Way's commitment for failure to pay his fine was appropriate.

Way also argues that the trial court abused its discretion since the proper procedures for a commitment for failure to pay a fine as set out in *Will v. State,* 84 Wis. 2d 397, 267 N.W.2d 357 (1978), were not followed. We disagree.

In *Will,* at 403–04, 267 N.W.2d at 360, the court stated:

> In *Pedersen,* we set out the following procedure to be followed in cases where the defendant claims he is unable to pay a fine: (1) We encouraged trial courts to follow a practice of ascertaining the defendant's ability to pay a fine at the time of sentencing. At this time the court should determine an amount and payment schedule in keeping with the defendant's means. (2) If, thereafter, the defendant is unable to pay the fine imposed, he has the burden to apply to the court for relief, either within the time given by the court for payment or prior to commitment to jail for nonpayment pursuant to sec. 973.07, Stats. In addition, we also emphasized that, in a case where a fine once imposed becomes beyond the offender's means, within ninety days of sentencing the trial court may change or modify the sentence. In *Pedersen* we observed that taken together these procedures give the trial court sufficient flexibility to avoid unconstitutionally imprisoning the offender who is unable to pay the fine. [Citations omitted.]

In this case, the evidence shows that Way did have the financial ability to pay the fine and costs of the

battery conviction. The record also indicates that because Way used this money to finance his escape, he was no longer able to pay the fine and costs. Before committing Way, the trial court ordered that Way show cause why he should not be committed. When brought before the court, only then did Way request additional time to pay.

The record does not establish that a full hearing was not held on Way's application at that time. Furthermore, at the hearing for modification of his sentence, Way was again permitted to raise the indigency issue. We conclude that it was not because the trial court failed to follow the *Will* procedures that Way was denied his requested relief. On the contrary, we find that the facts presented during these proceedings do not support Way's position.

Lastly, Way argues that the trial court abused its discretion in sentencing him to the maximum term of imprisonment for his conviction for escape. We disagree.

The sentencing standard of review was stated in *McCleary v. State,* 49 Wis. 2d 263, 278, 182 N.W.2d 512, 520 (1971):

We have frequently stated that we will remand for sentencing or modify the sentence *only when an abuse of discretion clearly appears.* By this we mean that this court should review and reconsider an allegedly excessive sentence whenever it appears that no discretion was exercised in its imposition or discretion was exercised without the underpinnings of an explained judicial reasoning process. [Emphasis added.]

Furthermore, the question of whether a trial court abused its discretion is treated "in light of a strong policy against interference with the discretion of the trial court in passing sentence." *Ocanas v. State,* 70 Wis. 2d 179, 183, 233 N.W.2d 457, 460 (1975).

In this case, the record reveals that the trial court carefully considered numerous facts before imposing Way's sentence. The court noted that Way had been convicted of criminal offenses six times in the seven years preceding his conviction for escape. The court also termed Way's behavior pattern as one of "chronic involvement with the legal justice system." In addition, the court stated: "His need for rehabilitative control is felt to be somewhat high based on lack of ability to make it on supervision on the local level. He needs a structured environment." Based on the above facts and conclusions, we believe the trial court had a justifiable basis for sentencing Way to the maximum term of imprisonment and that in so doing properly exercised its discretion. Way also argues that the trial court's reliance upon the presentence report was an abuse of discretion because there was an error in the report. The report stated that Way had received a sentence of six months on the battery conviction but failed to mention the additional six-month commitment to be served consecutive to the original six months. When Way requested the trial court to modify his sentence, he made this error known to the court. The trial court in refusing to modify his sentence obviously did not believe this error justified a modification of Way's sentence. On appeal, we agree with the trial court; we find there are sufficient other facts presented in the record which would justify the trial court sentencing Way to three years' imprisonment. Accordingly, the order is affirmed.

*By the Court.*—Order affirmed.