STATE of Wisconsin, Plaintiff-Respondent,

v.

James J. SCHUMAN, Defendant-Appellant.

Court of Appeals

*No. 92-2065-CR. Submitted on briefs December 10, 1992.—Decided January 5, 1993.*

Also reported in — N.W.2d —.)

For the defendant-appellant the cause was submitted on the briefs of *Glen L. Cushing,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Patrick G. Schilling* of Phillips

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   James Schuman appeals an order denying his motions to vacate a commitment order and an order directing him to pay $50 per month on the outstanding balance of $1,244.22.[1] He further requested, in

---

[1] This opinion is being released as a three-judge opinion pursuant to the Chief Judge's order of December 28, 1992.

the alternative, a credit of $10 per day for each day he served in jail under several previous Price County commitment orders, an order granting retroactive good time credit and declaring prior Price County commitment orders invalid under sec. 973.07, Stats., because the length of commitment totalled more than six months. He argues that (1) sec. 973.07 prohibits the court from ordering commitments that aggregate more than six months for failure to pay a fine; (2) under sec. 49.41, Stats., the trial court may not consider his income received under the Relief of Needy Indian Persons Acts in determining that he has the ability to pay the fine; and (3) the trial court erred by refusing to grant him $10 per day credit against his outstanding fine for each day he spent in jail. Because we conclude that sec. 973.07, Stats., imposes a six-month limit on the aggregate period for which a defendant may be ordered committed for failure to pay a fine, the order is reversed without addressing the other issues Schuman raises.

The facts are undisputed. In 1989, Schuman was convicted of operating a motor vehicle while intoxicated, third offense, and operating after revocation, fourth offense, and ordered to pay fines and costs totalling $2,895. The court granted Schuman sixty days to pay the fine and directed him to contact the court if he was unable to pay. If Schuman failed to pay or contact the court, he was to serve one day in jail for every $10 outstanding until the fine was paid in full.

Schuman failed to pay the fine in sixty days or contact the court, and the court issued the first of four commitment orders in January 1990, in an attempt to compel his compliance with the original order. Each time he was ordered committed to the Price County Jail at $10 per day until the fine was paid in full. At the time of the first two orders, $2,895 was outstanding. The

amount decreased to $1,279.22 by February 1992, when the third commitment order was issued, and $1,244.22 by March 1992, when the fourth commitment order was issued.

When the trial court issued its decision on Schuman's various motions, it accepted as true Schuman's assertion that he had been incarcerated in the Price County jail because of his failure to pay the fine for more than six months.[2] The trial court denied all of Schuman's motions and reinstated the $50 per month payment schedule it ordered in February 1992, with Schuman being required to serve one day in jail for each $10 outstanding, not to exceed six months, if he failed to pay. The court found that Schuman had the ability to pay $50 per month because he had been previously employed and currently received $209 per month under the Relief to Needy Indian Persons Act. The court also concluded that sec. 973.07, Stats., provides that each commitment order may not exceed six months but does not limit multiple commitment orders to an aggregate of six months. Finally the court concluded that our supreme court's holding in *State ex rel. Pedersen v. Blessinger*, 56 Wis. 2d 286, 201 N.W.2d 778 (1972), prohibits a court from imposing a term of imprisonment as the equivalent of payment of a fine.

This case involves interpretation and application of a statute to undisputed facts, which this court reviews as

---

[2] Due to the various fines and commitment orders imposed on Schuman in Price, Langlade and Vilas counties, this court cannot determine how many days Schuman served in Price County based on his failure to pay the Price County fine. Because neither party challenges Schuman's assertion, this court accepts it as true. *See Charolais Breeding Ranches, Ltd. v. FPC Secs.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493, 499 (Ct. App. 1979).

a question of law without deference to the trial court. *Brandt v. LIRC*, 160 Wis. 2d 353, 361, 466 N.W.2d 673, 676 (Ct. App. 1991). The purpose of the rules of statutory construction is to give effect to the legislative intent. *State v. Pham*, 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987). When determining legislative intent, we first examine the language of the statute itself and will resort to extrinsic aids only if the language is ambiguous. *In re P.A.K.*, 119 Wis. 2d 871, 878–79, 350 N.W.2d 677, 681–82 (1984). If a statute is ambiguous, we look to its content, subject matter, scope, history and the object to be accomplished to ascertain its reasonable meaning. *Boltz v. Boltz*, 133 Wis. 2d 278, 284, 395 N.W.2d 605, 607 (Ct. App. 1986). A statute is ambiguous if reasonable persons could disagree as to its meaning, and whether a statute is ambiguous is a question of law. *Id.*

Section 973.07 , Stats., provides that "If . . . [a] fine . . . [is] not paid as required by the sentence, the defendant may be committed to the county jail until the fine . . . [is] paid . . . for a period fixed by the court not to exceed 6 months." We conclude that the statute is ambiguous. A reasonable person could conclude that the six-month limit applies to each commitment order issued for nonpayment of the same fine. A reasonable person could also conclude that the six-month limit is an absolute limit of the time a defendant may be committed for nonpayment of one fine. We conclude that the legislature intended to limit to six months the length of time a defendant may be committed for failure to pay a fine. Once a defendant has served six months in jail for nonpayment of the fine, the trial court may not issue another commitment order based upon the defendant's failure to pay the same fine. We reach this conclusion for the following reasons.

First, our supreme court stated in *Pedersen*, 56 Wis. 2d at 290, 201 N.W.2d at 781, "We do have in sec. 973.07, Stats., a six months' limitation on the enforcement method of collection of a fine by imprisonment, supposedly on the ground of public policy that if six months' incarceration will not induce payment, a longer period [of time] will be fruitless." After a defendant has served six months in jail for failure to pay a fine, the state must use other methods, such as civil collection, to collect the fine. *See id.* at 295, 201 N.W.2d at 783. This suggests that a trial court may not issue consecutive commitment orders aggregating in excess of six months based on nonpayment of one fine.

Second, the statute as previously written unambiguously limited the aggregate period for which a defendant could be incarcerated for failure to pay a fine. The previous sec. 973.07, Stats., as enacted over 100 years ago, provided that "the court shall limit the time of such imprisonment *in each case . . . in no case* . . . to exceed six months . . . ." (Emphasis added.) Although the statute has since been amended several times, it has always contained the six-month limitation on incarceration. Further, an examination of the statutory history reveals that the main purpose of the amendments was to provide for its application to additional types of penalties. There is no indication that the legislature intended to change the application of the six-month limitation. Therefore, we conclude that the six-month limitation on the aggregate amount of time a defendant may be committed to jail for nonpayment of a fine was retained.

The state points to our decision in *State v. Way*, 113 Wis. 2d 82, 334 N.W.2d 918 (Ct. App. 1983), for support of its proposition that a court may issue multiple commitment orders that aggregate to more than six

months, so long as the defendant is committed for not more than six months under each individual order. In *Way*, we held that a trial court may order that commitment for nonpayment shall be served consecutive to an imposed sentence because "[a] commitment must be separate from and in addition to any other periods of incarceration the person is required to serve in order to enable the commitment to serve its prompting or coercive purpose." *Id.* at 87, 334 N.W.2d at 920. We decline the state's invitation to extend this opinion to authorize consecutive commitment orders aggregating in excess of six months for failure to pay one fine.

Finally, interpreting the statute to limit the aggregate amount of time a defendant may be committed to jail for failure to pay a fine is consistent with the statute's purpose. When the legislature enacted the statute, it intended to provide for a threat of incarceration to coerce payment; however, it also intended to limit that threat. The legislature gave the courts discretion to determine the length of incarceration needed to coerce payment from a defendant, but only up to six months. For whatever reason, as our supreme court noted in *Pedersen*, the legislature determined that six months in jail should be long enough to coerce payment. If it is not, the state must resort to other debt collection methods because the legislature did not intend that nonpayment of a fine could result in unlimited incarceration.

Because we conclude that the trial court's issuance of further commitment orders when Schuman has already served at least six months in jail for his nonpayment of the Price County fine is error, the order is reversed. Because this matter must return to the trial court, we need not address the other issues raised. Those issues may be raised before the trial court, who will consider them in the context of this decision. We do note,

however, that Schuman correctly asserts that his income received under sec. 49.046, Stats., Relief for needy Indian persons, is exempt under sec. 49.41, Stats., from the consideration of his ability to pay the fine.

*By the Court.*—Order reversed and cause remanded with directions.