IN the INTEREST OF DAVID L.W., a Person Under the Age of 17:

STATE of Wisconsin, Petitioner-Respondent,

v.

DAVID L.W., Respondent-Appellant.

Court of Appeals

*No. 97–0606. Submitted on briefs August 14, 1997.—Decided September 9, 1997.*

(Also reported in 570 N.W.2d 582.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender, of Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Daniel W. Blank*, district attorney, of Superior.

Before Cane, P.J., Myse and Hoover, JJ.[1]

HOOVER, J. David L.W., a person under the age of seventeen, appeals a dispositional order placing him in the Serious Juvenile Offender Program (SJOP) pursuant to § 938.34(4h), STATS. David asserts that the court improperly ordered the disposition because he was adjudicated delinquent under a Minnesota statute not specifically listed as an offense subjecting a juvenile to the SJOP. We agree and therefore reverse and remand for further proceedings.

The relevant facts are undisputed. On October 9, 1996, David was charged with an armed robbery that took place in Superior, Wisconsin. The following day, David was charged with first-degree aggravated robbery that occurred in Duluth, Minnesota. David admitted to an amended charge of party to a crime of battery in the Wisconsin case. He admitted the first-degree aggravated robbery charge in the Minnesota case.

At the dispositional hearing, David argued that his admission to the Minnesota violation could not be used to support the SJOP disposition. The SJOP statute sets out a specific list of offenses for which a child may receive a dispositional order lasting five years. Section 938.34(4h)(a), STATS. It provides that the State may:

Place the juvenile in the serious juvenile offender program under s. 938.538, but only if all of the following apply:

(a) The juvenile is 14 years of age or over and has been adjudicated delinquent for committing a violation of s. 939.31, 939.32(1)(a), 940.03, 940.21,

---

[1] This case is being decided by a three-judge panel pursuant to an order issued September 3, 1997.

940.225(1), 940.305, 940.31, 941.327(2)(b)4., 943.02, 943.10(2), 943.23(1g), (1m) or (1r), 943.32(2), 948.02(1), 948.025, 948.30(2), 948.35(1)(b) or 948.36 or the juvenile is 10 years of age or over and has been adjudicated delinquent for attempting or committing a violation of s. 940.01 or for committing a violation of 940.02 or 940.05.

David contends that because the Minnesota statute is not specifically listed in the SJOP statute, he is not subject to the increased penalty. He also asserts that the Wisconsin armed robbery statute required proof of an element not included in the Minnesota statute, and that therefore the two statutes should not be considered equivalents for purposes of the SJOP statute.

The trial court rejected both of these arguments. It held that, although the Minnesota statute defines armed robbery differently from Wisconsin, David's conduct would satisfy the elements of the Wisconsin statute. Further, it found that there were no significant differences between the Minnesota aggravated robbery statute and the Wisconsin armed robbery statute. It therefore concluded that, consistent with legislative intent to include armed robbery as an offense qualifying a child for the SJOP, the Minnesota aggravated robbery statute was "similar enough" to the Wisconsin armed robbery statute to subject David to the increased penalty. The court imposed a dispositional order, effective for five years, placing David at Lincoln Hills School.

Penal statutes must be strictly construed in favor of the defendant. *State v. Clausen*, 105 Wis. 2d 231, 239, 313 N.W.2d 819, 823 (1982). While the paramount consideration in delinquency proceedings under the previous children's code was the best interests of the

child, § 48.01, STATS., the new juvenile code emphasizes the importance of community protection and juvenile accountability. Section 938.01(2), STATS.[2] Its purposes read in pertinent part:

> It is the intent of the legislature to promote a juvenile justice system capable of dealing with the problem of juvenile delinquency, a system which will protect the community, impose accountability for violations of law and equip juvenile offenders with competencies to live responsibly and productively. To effectuate this intent, the legislature declares the following to be equally important purposes of this chapter:
>
> (a) To protect citizens from juvenile crime.
>
> (b) To hold each juvenile offender directly accountable for his or her acts.[3]

*Id.* The entire gravamen of the code's philosophical change is a shift from rehabilitative ideals to holding juveniles responsible. Consistent with this notion, the SJOP provides for institutional placement[4] up to five years; it is in the nature of a penal statute and should therefore be strictly construed in the juvenile's favor. *See In re I.V.*, 109 Wis. 2d 407, 411, 326 N.W.2d 127, 129 (Ct. App. 1982).

This case presents an issue of statutory interpretation. Statutory interpretation presents a question of law we review de novo. *State v. Michels,* 141 Wis. 2d

---

[2] Juveniles are no longer adjudicated under ch. 48, STATS.

[3] The code goes on to cite the following as equally important goals: individualized assessment of each juvenile, due process, juvenile diversion, care and treatment, and that victims and witnesses are afforded the same rights as in adult proceedings.

[4] *See* § 938.538(4), STATS.: "A participant in the serious juvenile offender program . . . is considered to be in custody . . . ."

81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987). In interpreting a statute, the court first looks to the words of the statute. If the language of the statute is clear, the court does not look beyond the language to ascertain its meaning. *In re P.A.K.*, 119 Wis. 2d 871, 878, 350 N.W.2d 677, 681 (1984). The court will use extrinsic aids to statutory construction only if the language is ambiguous. *Id.* at 879, 350 N.W.2d at 682. A statute is ambiguous if reasonable persons could disagree as to its meaning. *State v. Schuman*, 173 Wis. 2d 743, 747, 496 N.W.2d 684, 686 (Ct. App. 1993).

Section 938.34(4h), STATS., is unambiguous and does not encompass similar offenses from other jurisdictions. The statute specifically enumerates the offenses for which the SJOP is available as a disposition. It does not include a harvest provision, which includes "similar offenses" or "equivalent offenses from other jurisdictions." The legislature could have included such a provision. Indeed, it has expressly expanded application of other laws to include offenses from other jurisdictions.[5] It did not do so here.

---

[5] There are numerous examples of legislative inclusion of crimes from other jurisdictions. First, the legislature expressly stated that convictions from other jurisdictions can be counted for purposes of the repeater statute. Section 939.62(3)(b), STATS. Second, the definition of a "serious felony" in the "three strikes" law includes a list of specific Wisconsin statutes as well as any crime at any time under federal law or a crime under any state law prior to April 28, 1994, if such crimes are comparable to the specified crimes. Section 939.62(2m)(a)4, STATS. Third, the drug repeater law establishes that other states' statutes can support a drug repeater penalty. Section 961.48(3), STATS. Finally, the firearm possession statute also includes a specific reference to other jurisdictions, holding that a person is subject to the statute's requirements and penalties if he or she has been

The State would have us read § 938.01, STATS, in conjunction with the SJOP statute to find an ambiguity. That section reads: "This chapter . . . shall be liberally construed in accordance with the objectives expressed in this section." This does not create an ambiguity. There is a difference between liberally construing a statute and rewriting it to change its intent and meaning.

Concomitant with its argument that the SJOP statute is ambiguous, the State asserts that the statute should be interpreted to avoid an absurd result. We are not construing the statute to work an absurd result, but rather to determine if the language is ambiguous. The statute is not ambiguous.

Even if we were to accept that the SJOP is a dispositional option where the adjudication was for a substantially similar foreign offense, David makes a compelling argument that Minnesota's aggravated robbery and Wisconsin's armed robbery statutes are not essentially equivalent. He points out that the Minnesota statute does not expressly contain the "intent to steal" element included in the Wisconsin statute. In addition, in Wisconsin, mere possession of a dangerous weapon during a robbery does not make the offense armed robbery; rather, an armed robbery only occurs when using or threatening to use a weapon. *State v. Robinson*, 140 Wis. 2d 673, 678, 412 N.W.2d 535, 538 (Ct. App. 1987). However, possession of a dangerous weapon does elevate the crime to aggravated robbery in Minnesota. *State v. Moss*, 269 N.W.2d 732, 735–36 (Minn. 1978). The State does not respond to these arguments.

---

"[c]onvicted of a crime elsewhere that would be a felony if committed in this state." Section 941.29(1)(b), STATS.

Further, the penalties for the two offenses are substantially different. Aggravated robbery in Minnesota has a twenty-year maximum sentence. MINN. STAT. § 609.245. Wisconsin's armed robbery is a Class B felony carrying a forty-year maximum sentence. Sections 943.32(2) and 939.50(3)(b), STATS. Indeed, all the offenses listed in the SJOP statute are Class B felonies carrying forty-year maximums. Section 938.34(4h), STATS. This is a significant difference between the two offenses and illustrates the inappropriateness of using the Minnesota offense to support disposition under the SJOP.

Finally, the State asserts that it has jurisdiction over David, and that he is delinquent under the statutory definition. Both assertions are correct, but irrelevant. The question is whether the statute permits placement in the SJOP.

In conclusion, we hold that the SJOP statute, § 938.34(4h), STATS., is unambiguous and does not permit the State to impose the disposition under the program on the basis that a juvenile is adjudicated delinquent of similar offenses from other jurisdictions. The dispositional order is reversed and remanded for further proceedings.

*By the Court.*—Order reversed and cause remanded with directions.